**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Phillip LAMOUREUX,
Defendant-Appellant.**

**No. 83–1040.**

United States Court of Appeals,
Sixth Circuit.

June 6, 1983.

Decided July 20, 1983.

Frank S. Spies (argued), Grand Rapids, Mich., for defendant-appellant.

John A. Smietanka, U.S. Atty., Thomas J. Gezon (argued), Grand Rapids, Mich., for plaintiff-appellee.

Before KENNEDY and MARTIN, Circuit Judges, and WEICK, Senior Circuit Judge.

PER CURIAM.

Phillip Lamoureux challenges the denial of his motion to dismiss the indictment. He was indicted and subsequently convicted by a jury of conspiracy to manufacture and distribute cocaine, was sentenced to five years probation under the Youth Corrections Act, and was fined $2,500. On the morning of trial, his attorney moved to dismiss the indictment because portions of testimony before the grand jury had been lost. The motion was denied and the trial proceeded. We affirm the judgment of the district court.

A brief sketch of the facts will suffice as background for the present appeal. Lamoureux, as a chemistry major at Michigan State University, became involved with three other men in a conspiracy to manufacture synthetic cocaine from non-controlled substances. Lamoureux's contribution to the conspiracy was to perform the chemical manufacturing process. In July, 1981, the Drug Enforcement Agency, after some investigation, arrested the members of the conspiracy, two of whom plead guilty and the third of whom turned informant. Only Lamoureux stood trial.

In February, 1982, the United States Attorney presented evidence to a grand jury on Lamoureux's activities. The informant/co-conspirator testified as did Agent Powell, the investigating officer. No indictment was sought before the jury dispersed. In May, 1982, the government again presented Agent Powell's evidence to a newly formed grand jury which returned the indictment in this case.

The government intended to rely on Agent Powell's testimony for its case in chief at the defendant's trial. In anticipation of the defendant's request for all recorded statements made by Agent Powell in the government's possession pursuant to the Jencks Act, 18 U.S.C. § 3500(b)(e), the government attempted to locate Powell's May, 1982 grand jury testimony. Although the United States Attorney's Office had followed its routine procedures for handling

recorded testimony, it was unable to locate Powell's statements. On the morning of trial, the government announced to the court that it was unable to produce Agent Powell's grand jury testimony.

The district court immediately held a hearing to determine whether Jencks Act sanctions disqualifying the witness should be imposed. The government offered several witnesses and documents to support its explanation that the testimony had been inadvertently misplaced. The court declined to impose the Jencks Act sanctions and held that the government's failure to produce the transcript would not render the trial unfair. The defendant, then, moved to dismiss the indictment on the grounds that without a record of Agent Powell's testimony, it was impossible to evaluate the sufficiency of the evidence before the grand jury. The court denied this motion.

■ The only issue on appeal is whether the missing grand jury testimony constitutes sufficient reason to compel the dismissal of the grand jury indictment. It is well settled that a defendant wishing to challenge an indictment valid on its face bears a heavy burden. *United States v. Markey,* 693 F.2d 594, 596 (6th Cir.1982). An indictment based on incompetent, inadequate or hearsay evidence will stand. *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974). The law in this circuit is that "only on a showing of demonstrated and long-standing prosecutorial misconduct" will an indictment be dismissed. *United States v. Nembhard,* 676 F.2d 193, 199 (6th Cir.1982), *reaffirmed in United States v. Markey,* 693 F.2d at 596. *See also United States v. Barone,* 584 F.2d 118 (6th Cir.1978), *cert. denied,* 439 U.S. 1115, 99 S.Ct. 1019, 59 L.Ed.2d 73 (1979).

■ The defendant does not dispute that the indictment is valid on its face. Instead, he contends that he is in the unique position of being unable to show that prosecutorial misconduct, if any, occurred. He does not claim that the prosecutor in fact acted improperly, although he does imply that the events arouse "suspicions." He suggests that the government misplaced the grand jury transcript to avoid court scrutiny of the evidence which scrutiny it expected defense counsel would demand. The defendant's argument is, in short, that the indictment should be dismissed because some portion of the testimony before the grand jury has been inadvertently lost.

We decline to reverse the district court's decision on the facts of the case before us. The district court conducted a hearing on the missing transcript and concluded that the United States Attorney's Office had not willfully misplaced or refused to surrender the material. This finding is not clearly erroneous. Fed.R.Civ.P. 52(a). The pretrial hearing demonstrated that the Office and the court reporter had followed routine procedures for handling the grand jury record. This was the first instance when this Office had misplaced such records. There was no evidence extrinsic to the grand jury proceedings of prosecutorial misconduct, "long-standing" or otherwise. Furthermore, the district court found that Agent Powell's testimony to the February and May grand juries was substantially identical. The defendant has produced no excerpts from Powell's trial testimony which might suggest impropriety. Finally, the defendant has provided this Court with no information by which to judge the centrality of Agent Powell's testimony in the grand jury evidence as a whole.

■ On the facts of this case, the defendant has not persuaded us that the district court's ruling was improper. There has been no showing of prosecutorial misconduct sufficient to require dismissal of the indictment. The mere inadvertent misplacement of a grand jury record does not, without more, require the dismissal of the indictment.

Judgment affirmed.