**UNITED STATES of America,**

v.

**Ralph BORELLO, Defendant.**

No. 84 CR 249.

United States District Court,
E.D. New York.

Oct. 4, 1985.

---

Raymond J. Dearie, U.S. Atty., Brooklyn, N.Y. by Edward A. McDonald, Atty-in-Charge, U.S. Dep't of Justice, Organized Crime Task Force, Laura A. Ward and Alan M. Friedman, Sp. Attys., for the U.S.

Lipsitz, Green, Fahringer, Roll, Schuller & James, New York City by Herald Price Fahringer, for defendant.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Defendant is charged with introducing "adult" films into the United States by means of false statements, in violation of 18 U.S.C. § 542, and smuggling the films into the United States, in violation of 18 U.S.C. § 545. He previously was convicted of both offenses after a jury trial in this district. On June 12, 1985, 766 F.2d 46,

however, the Second Circuit reversed his conviction and ordered a new trial.

Defendant now moves to dismiss and/or suppress evidence, asserting that (1) his immunized grand jury testimony taken after the verdict in his first trial bars a retrial; (2) the prosecutor failed to maintain a complete transcript of the grand jury proceedings, in violation of Fed.R.Crim.P. 6(e)(1); (3) the prosecutor improperly identified himself to the grand jury as a member of the Organized Crime Task Force; (4) the prosecutor failed to call certain witnesses before the grand jury; and (5) the delay in prosecuting the case violated defendant's due process rights. In addition, defendant moves to strike surplusage in the indictment.[1]

On October 2, 1985, this Court ordered that an evidentiary hearing be held regarding defendant's claims of (a) pre-indictment delay and (b) intentional failure to transcribe grand jury proceedings. Accordingly, decision is reserved on those issues.[2]

In all other respects, defendant's motions are denied.

### Facts

On April 12, 1984, an indictment was filed charging defendant Borello with one count of attempting to introduce films into the commerce of the United States by means of false statements and fraudulent documents, 18 U.S.C. § 542, and one count of intentionally defrauding the United States government by smuggling films, 18 U.S.C. § 545. Defendant was arraigned on April 17, 1984.

On July 24, 1984, the jury found Borello guilty on both counts. On October 12, 1984, the Honorable Henry Bramwell, United States District Judge, sentenced Borello to a five-year term of imprisonment and a fine of $5,000.

On November 29, 1984, following his conviction, Borello was subpoenaed to testify before a federal grand jury, pursuant to an order of immunity under 18 U.S.C. §§ 6002 and 6003. Borello moved to quash the subpoena on the grounds that the grant of immunity was not sufficient to safeguard his rights against self-incrimination and was not coextensive with that privilege. The motion to quash was denied by the Honorable I. Leo Glasser, United States District Judge. Accordingly, Borello was compelled to testify concerning the events surrounding the importation of the films.

Thereafter, on June 12, 1985, the Second Circuit reversed Borello's conviction and remanded the case for a new trial. Defendant filed this omnibus motion on August 23, 1985, and argument was heard on September 3, 1985.

### Discussion
### Grand Jury/Immunity

Defendant moves for dismissal of the indictment, contending that his compelled grand jury testimony given under a formal grant of immunity bars his retrial for the offenses charged therein. In the alternative, he seeks an order either barring the United States Attorney's office for the Eastern District of New York from prosecuting the case, or erecting a "Chinese Wall" to prevent anyone exposed to his immunized testimony from participating in the prosecution.

■ Clearly, however, the mere fact that the defendant testified before a grand jury under an order of immunity does not bar a retrial of this action. *See Kastigar v. United States*, 406 U.S. 441, 453, 461, 92 S.Ct. 1653, 1661, 1665, 32 L.Ed.2d 212 (1972) (*"Kastigar"*). As the Supreme Court noted in *Kastigar*:

> While a grant of immunity must afford protection commensurate with that afforded by the privilege [against self-in-

---

1. Defendant also has reasserted several claims which were previously rejected by the Second Circuit. To that extent, such claims are denied on the basis of the Second Circuit's opinion. *United States v. Borello*, 766 F.2d 46 (1985).

2. Likewise, oral argument has not been heard on defendant's claims regarding the relationship between Sections 542 and 545 and the propriety of a lesser included offense charge.

crimination], it need not be broader.... The privilege has never been construed to mean that one who invokes it cannot subsequently be prosecuted.

*Kastigar, supra,* 406 U.S. at 453, 92 S.Ct. at 1661.

Rather, the crucial inquiry is whether the testimony is, in fact, *used* by the government. *United States v. Pantone,* 634 F.2d 716, 721 (3rd Cir.1980) (*"Pantone"*). Accordingly, the government bears the heavy burden of proving affirmatively that the evidence it proposes to use is derived from a legitimate source independent of the compelled testimony. *Kastigar, supra,* 406 U.S. at 460, 92 S.Ct. at 1664.

In *Pantone,* the Third Circuit was faced with a scenario remarkably similar to the case before this Court, *i.e.,* immunized grand jury testimony obtained after a first trial conviction but prior to a remand and a second trial. *Pantone, supra,* 634 F.2d at 717. The *Pantone* court found that the earlier trial, and its trial transcript, constituted the requisite independent source for any evidence adduced at the retrial. *Id.* at 721.

Likewise, the transcript of Borello's first trial constitutes the wholly independent source, as required by *Kastigar,* for the evidence the government proposes to introduce at Borello's second trial. It is not at all clear that the government learned anything new from defendant's grand jury testimony.[3] Nonetheless, the prosecutor has advised the court that the government's presentation on retrial will not deviate from that in the original case. Moreover, the government acknowledges that it is barred from using Borello's testimony at the trial, for impeachment purposes or otherwise. *See New Jersey v. Portash,* 440 U.S. 450, 459–60, 99 S.Ct. 1292, 1297–98, 59 L.Ed.2d 501 (1979).

Thus, in light of the availability of the transcript from the prior trial, and based on the prosecutor's representations, I conclude that the government has met its bur-

den under *Kastigar.* Accordingly, the motion is denied.

*Grand Jury Proceedings*

Defendant also contends that the indictment should be dismissed inasmuch as the prosecutor (a) improperly introduced himself to the grand jury as being a "special attorney with the Department of Justice, Organized Crime Task Force," and (b) read prior testimony to the grand jury, rather than recalling the witnesses.

■ Clearly, however, there is a presumption of regularity which attaches to grand jury proceedings and the defendant bears the burden of proving any irregularity. *See United States v. Lamoureux,* 711 F.2d 745, 747 (6th Cir.1983). Dismissal of an indictment is justified only where necessary to eliminate prejudice to a defendant, or, pursuant to the Court's supervisory power, to prevent prosecutorial impairment of the grand jury's independent role. *United States v. Hogan,* 712 F.2d 757, 761 (2d Cir.1983).

■ The prosecutor's brief introductory remark to the grand jury in this case did not rise to the level of prejudice justifying dismissal of an indictment. Nor do I find anything in the record to suggest prosecutorial misconduct. On the contrary, it appears that the prosecutor's remark was purely a formal, almost ritualistic, pedigree statement made unthinkingly and without any sinister intent.

■ Likewise, the prosecutor's failure to recall certain witnesses before the grand jury does not warrant dismissal of the indictment. Although recalling a prior witness before the grand jury, in lieu of merely reading a transcript of the witness' prior testimony, might be the preferred practice, it is not legally required. *United States v. Provenzano,* 688 F.2d 194, 203 (3rd Cir.), *cert. denied,* 103 S.Ct. 492, 459 U.S. 1071, 74 L.Ed.2d 634 (1982).

---

**3.** Defendant was provided with a transcript of his grand jury testimony prior to filing this

motion.

Moreover, the grand jury in this case was instructed that each of the witnesses whose testimony was read to them was willing and available to testify before the grand jury upon request. The grand jurors never made such a request.

Accordingly, defendant's motions are denied.

*Surplusage in the Indictment*

The indictment charges that the defendant falsely represented that the seized motion pictures contained no scene portraying:

> ... exposure of any human sexual organ, buttocks, or unclothed female breast, no scene portraying sexual intercourse or physical contact with a person's unclothed or clothed genitals, pubic area, buttocks or a female breast, and no scene portraying any act of deviant sexual conduct....

Defendant, observing that this is not a prosecution for violation of the obscenity laws, moves to strike this language as unnecessary and unfairly prejudicial. Defendant contends that the phrase "sexually explicit materials" would suffice.

Clearly the language in the indictment is relevant and material in that it is precisely the language contained in the "waiver of viewing" form in which the allegedly false statements were made. Moreover, the waiver form is admissible at trial. Thus, the defendant can suffer no prejudice from the existence of this language in the indictment.

Accordingly, the motion to strike is denied.

SO ORDERED.