NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0030n.06

No. 09-6349

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 15, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| VIKITA PARRETT, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: SUHRHEINRICH, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Memphis Police Officer Lawrence Banks and his partner, Officer Timothy Bates, asked Vikita Parrett if they could "look around" her home after they received a tip about drug activity at her address. Parrett agreed. The officers found over a kilogram of cocaine, paraphernalia used to cook crack, $22,000, and a firearm. Parrett filed a motion to suppress this evidence, which the district court granted in part. A jury thereafter convicted Parrett of maintaining a drug-involved premises in violation of 21 U.S.C. § 856(a)(2). She appeals the partial denial of her motion to suppress and her conviction. We affirm.

I.

In December 2006, Officer Banks received an anonymous phone tip that drugs were being sold from 1550 Carpenter Street. Banks and Bates went to the residence and knocked on the door. Parrett opened the door and told the officers she lived there. The officers said they had received a

complaint about drug activity at the house, and asked if they could "walk through and look around."

Parrett agreed. At some point, she also signed a written consent form that the officers had given her.

In Parrett's kitchen, the officers saw cocaine and plastic wrappers with cocaine residue. In the laundry room, the officers opened the lid to the washing machine and found a large amount of cocaine. In a safe in Parrett's bedroom, the officers found beakers, two digital scales, a loaded revolver, and $22,410 in cash. The police arrested Parrett and took her to the station.

At the station, Parrett waived her Miranda rights and gave a statement to Detective Angela Workman. Parrett stated that co-defendants Kelvin Nolen and Vincent Halliburton had come to her house that evening to cook cocaine; that Nolen and Halliburton had done the same thing at her home 10-20 times before; and that she knew what cooking cocaine smelled like, in part because she had smelled it "quite often" when she came home from work.

A federal grand jury thereafter charged Parrett with conspiracy to possess cocaine base with intent to distribute, in violation of 21 U.S.C. § 846; possession of cocaine base and cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); and maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2). Halliburton and Nolen were named in the conspiracy and possession counts.

Parrett filed a motion to suppress the evidence that the officers found at her home. The district court granted this motion in part, finding that (contrary to the officers' testimony) Parrett had signed the consent form after, rather than before, the search of her kitchen and laundry room; and that the police had exceeded Parrett's consent when they opened the washing machine. The district court therefore suppressed the cocaine found inside the washing machine, but not any of the other

evidence. At trial, the jury acquitted Parrett of the conspiracy and distribution charges, but convicted her of maintaining a drug-involved premises. This appeal followed.

II.

A.

Parrett argues that the district court should have suppressed all the evidence seized from her home because, she says, she did not voluntarily consent to the search. Whether consent to a search is voluntary is a question of fact. *United States v. Erwin*, 155 F.3d 818, 822 (6th Cir. 1998). "In reviewing a district court's suppression determination, we review findings of fact for clear error[.]" *United States v. Moon*, 513 F.3d 527, 536 (6th Cir. 2008).

Parrett argues that her consent was not voluntary because, when she encountered the officers, she was still groggy from migraine medication she had taken that day. "Consent is voluntary when it is unequivocal, specific and intelligently given, uncontaminated by any duress or coercion." *United States v. Beauchamp*, 659 F.3d 560, 571 (6th Cir. 2011) (internal quotation marks omitted). Here, the record supports the district court's conclusion that Parrett's behavior was normal. Officer Banks testified that Parrett did not appear to be under the influence of any medication and that she understood what he said to her. Detective Workman, who took Parrett's written statement at the station, likewise testified that Parrett did not appear to be under the influence of any medication. Parrett otherwise offers no evidence that her speech or actions were so impaired that a reasonable officer would think that her consent was not voluntary. Nor did the officers draw their weapons or otherwise threaten Parrett in seeking admission to her house. Thus, the record contains no facts that

would allow us to conclude that the district court clearly erred when it found that Parrett's consent was voluntary.

B.

Parrett next argues that insufficient evidence supports her conviction. We view the evidence in the light most favorable to the government, and ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

Parrett does not present any argument as to why, specifically, the government's proof was insufficient. She merely sets out the legal standard for sufficiency claims. This argument is therefore waived. *McPherson v. Kelsey*, 125 F.3d 989, 995–6 (6th Cir. 1997).

The argument is also meritless. Section 856(a)(2) makes it unlawful to do the following:

> manage or control any place, whether permanently or temporarily, either as an owner, lessee, agent, employee, occupant, or mortgagee, and knowingly and intentionally rent, lease, profit from, or make available for use, with or without compensation, the place for the purpose of unlawfully manufacturing, storing, distributing, or using a controlled substance.

21 U.S.C. 856(a)(2). Here, Parrett's signed statement alone was enough to support her conviction, particularly her statements that Nolen and Halliburton had come to her home that evening to cook crack and that they had done so 10 to 20 times before. Sufficient evidence supported her conviction.

C.

Finally, Parrett argues that the district court should have dismissed the indictment because, at trial, Detective Workman mistakenly read the word "cocaine" as "crack." Workman read the statement while it was displayed to the jury, and thus her misstatement did not mislead them in any

significant way.  Thus, this argument too is meritless.  *See United States v. Lamoureux*, 711 F.2d

745, 747 (6th Cir. 1983).

The district court's judgment is affirmed.